UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. G.,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br><br>    Defendant. | Case No. 19-cv-00594-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 24 |

Plaintiff's counsel, Robert Weems, moves for attorney's fees pursuant to 42 U.S.C. § 406(b) for representing Plaintiff in her appeal of the Commissioner of the Social Security Administration's ("Commissioner's") denial of social security disability benefits. (Dkt. No. 24.) The Commissioner does not oppose Plaintiff's request for fees. After careful consideration of Plaintiff's motion and the relevant legal authority, the Court determines that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the December 3, 2020 hearing, and GRANTS the motion for attorney's fees pursuant to Section 406(b).

## BACKGROUND

This case stems from Plaintiff's appeal of the SSA's denial of social security benefits for multiple mental impairments and other physically limiting conditions, including: depression, anxiety, schizophrenia, as well as stomach and back pain. On September 10, 2019, the Court granted the parties' stipulation that the action be remanded because Defendant determined that "inconsistencies in the record warrant[ed] further administrative action." (Dkt. No. 20 at 1.) On April 6, 2020, pursuant to the parties' stipulation, the Court awarded $7,200.00 in fees to Plaintiff's counsel under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. No. 23.)

Following remand, an Administrative Law Judge issued a favorable decision finding

Plaintiff disabled. (Dkt. No. 24-2.) On July 20, 2020, Plaintiff was notified that she had been awarded disability benefits from 2015-2020 and that she was owed $51,541.26 in past-due benefits. (Dkt. No. 24-3 at 2.) Plaintiff's counsel thereafter filed the now pending motion for attorney's fees for work performed in this Court under Section 406(b). (Dkt. No. 24.) Pursuant to Plaintiff and her counsel's contingency fee agreement for this case, counsel may seek fees up to 25 percent of any past-due benefits awarded to Plaintiff. (Dkt. No. 24-1.) Counsel accordingly requests fees in the amount of $12,885.34 that represents approximately 25 percent of Plaintiff's past-due benefits. (Dkt. No. 24 at 1.) Plaintiff's counsel served Plaintiff with a copy of the motion. (Dkt. No. 25 at 4.) The Commissioner filed no opposition to the motion for attorney's fees filed by Plaintiff's counsel.

**LEGAL STANDARD**

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a [social security] claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee" to claimant's attorney; such a fee can be no more than 25 percent of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court, for instance, remands for further consideration, the court may calculate the 25 percent fee based upon any past-due benefits awarded on remand. *See, e.g., Crawford v. Astrue*, 586 F.3d 1142, 1144 (9th Cir. 2009) (en banc).

Under Section 406(b), a court must serve "as an independent check" of contingency fee agreements "to assure that they yield reasonable results." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, [Section] 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id*. at 808-09. The court's review of a fee agreement is based on the character of the representation and the results achieved, *see Gisbrecht*, 535 U.S. at 808, and can include analyzing: whether counsel provided substandard representation; any dilatory conduct by counsel to accumulate additional fees; whether the requested fees are excessively large in relation to the benefits achieved; and the risk counsel assumed by accepting the case. *See Crawford*, 586 F.3d at

1151-52.

A court must offset an award of Section 406(b) attorneys' fees by any award of fees granted under the EAJA. *Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012).

## ANALYSIS

Plaintiff's counsel has demonstrated that the amount of fees requested is reasonable for the services rendered. *See Gisbrecht*, 535 U.S. at 807. First, while not dispositive, Plaintiff and counsel's contingency fee agreement is within the 25 percent threshold permitted under Section 406(b) as the agreement provides that counsel will not ask for a fee of more than 25 percent of total past-due benefits awarded. (Dkt. No. 24-1 at 1.) Second, there is no indication that a reduction of fees is warranted due to any substandard performance by counsel or that counsel delayed these proceedings in an effort to increase the amount of fees awarded. While counsel was ordered to show cause as to why the action should not be dismissed for failure to prosecute after failing to meet the deadline for filing Plaintiff's motion for summary judgment (Dkt. No. 16), Plaintiff's counsel responded and filed Plaintiff's motion for summary judgment within the deadline imposed by the Court's Show Cause Order. (Dkt. Nos. 17 & 18.) Nor is the amount of fees, $12,885.34, excessive in relation to the past-due benefits award of $51,541.26. *See, e.g., Eckert v. Berryhill*, No. 15-CV-04461-JCS, 2017 WL 3977379, at *3 (N.D. Cal. Sept. 11, 2017) (awarding $16,566.25 in fees following an award of $66,265 in retroactive benefits); *Devigili v. Berryhill*, No. 15-CV-02237-SI, 2017 WL 2462194, at *2 (N.D. Cal. June 7, 2017) (awarding $15,278.00 in fees following an award of $76,391.00 in retroactive benefits); *Conner v. Colvin*, No. 13-CV-03324-KAW, 2016 WL 5673297, at *3 (N.D. Cal. Oct. 3, 2016) (awarding $17,746.00 in fees following an award of $94,987.60 in retroactive benefits). Lastly, the Court finds that Plaintiff's counsel assumed a substantial risk of not recovering fees when he accepted the case. Plaintiff and counsel entered into the contingency fee agreement prior to the filing of this action. (Dkt. No. 24-1 at 5.) At that time, the Agency had completely denied Plaintiff any requested benefits, and counsel could not know that the action would result in remand to the Commissioner by way of an order from this Court or the parties' stipulation on the basis of inconsistencies in the

record.

Accordingly, the Court finds that the amount of requested fees is reasonable.

## CONCLUSION

For the reasons described above, the Court GRANTS Plaintiff's counsel's motion for fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $12,885.34, payable to Weems Law Offices. Plaintiff's counsel is ordered to refund the previously awarded EAJA fees, in the amount of $7,200.00, to Plaintiff.

**IT IS SO ORDERED.**

Dated: November 24, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge